IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARC WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ODESSA FIRE COMPANY, ) <br> ) <br> ) <br> Defendant. ) <br> ) | C.A. No. _____ <br><br><br><br> TRIAL BY JURY OF TWELVE <br> DEMANDED |

## COMPLAINT

Plaintiff Marc Williams ("Plaintiff") brings this action under the 42 U.S.C 2000(e)(3)(a) for Retaliation under Title VII and related Delaware statutory law against his his former employer, Odessa Fire Company ("Defendant").  The basis for his claims arise under the following facts and state claims for violation of the laws set forth herein:

## THE PARTIES

1. Plaintiff Marc Williams is a male citizen of the United States who resides in Seaford, Delaware.

2. Defendant Odessa Fire Company is located at 304 Main Street, Station 24, Odessa, DE 19730.

3. The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business at Odessa Fire Company located in Odessa, Delaware.

## JURISDICTION AND VENUE

4. This Court is vested with subject-matter jurisdiction concerning the claims herein pursuant to 42 U.S.C § 2000e-3(a). The Court may exercise ancillary jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

5. Personal jurisdiction and venue are proper as Plaintiff and/or Defendant lived in, worked in, and/or operated a business within Delaware at all relevant times. Further, this litigation arises from Defendant's employment of Plaintiff within the State of Delaware.

6. Plaintiff received notice of his Right to Sue from the EEOC on or about July 27, 2021. This timely Complaint followed.

## FACTS

7. Plaintiff was hired on or about December 21, 2019 by Defendant Odessa Fire Company as a firefighter/EMT at a rate of $16.00 per hour.

8. On June 12, 2020, Plaintiff reported what he observed to be discriminatory and harassing behavior by supervisors towards female co-worker.

9. Plaintiff's observations included an incident on June 29, 2020, where his supervisor John Janowski made sexually lewd comments towards a female employee in Plaintiff's presence. Included among these comments were whther Janowski was within the female employee's "cut-off age," meaning, was he young enough for her to have sex with him.

10. Plaintiff witnessed other instances of sexually inappropriate behavior by Janowski toward female employees to the point where Plaintiff avoided working on shifts with Janowski. One example of this behavior was Janowski telling a female employee "I am so horny I need sex – I am getting frustrated."

11. Following Plaintiff's disclosure of these concerns, Plaintiff was asked to participate in an interview in furtherance of an investigation of one of the indicents involving Janowski and a female employee. The purpose of the investigation was to explore whether violations of Title VII and/or state law had occurred with respect to the female employee in question.

12. Plaintiff's participation in the interview was therefore protected activity under Title VII and Delaware law.

13. Plaintiff did participate in the investigation by giving an interview on or about June 12, 2020. Plaintiff also provided a written statement. The interview was conducted in an office adjacent to that of Chief Rich Trincia, Jr. Chief Trincia is of familial relation (cousin) of Janowski. During the interview, Plaintiff could tell that Chief Trincia observed him and understood that the Chief discovered Plaintiff was participating in furtherance of the investigation into Title VII violations against Janowski.

14. Immediately following the interview, the attitude on behalf of superiors toward Plaintiff changed and it was clear that the cause was Plaintiff's protected activity (i.e. participation in the investigation and vocal disagreement with Janowski's behavior toward female employees.)

15. Furthermore, Defendant failed to have a sexual harassment policy in place as required by Delaware law prior to the investigation in which Plaintiff participated. Thereafter, Defendant did produce a sexual harassment policy and provided training (on or about July 2020.)

16. Defendant used a false narrative to justify terminating Plaintiff. First, he was alleged to have been sleeping on the job, whereas being asleep in the firehouse is an entirely normal practice given the nature of the long shifts.

17. Defendant justified Plaintiff's termination on the basis that Plaintiff had been sleeping on call, and events surrounding his write-up for the purported transgression.

18.     Plaintiff's termination was in fact in retaliation for protected activity under Title VII. Plaintiff was terminate because he cooperated with an investigation into Title VII violations and the supervisory chain of command was attempting to cover up that activity.

19.     Plaintiff believes and asserts that all of the conduct leading up to and including his termination constituted retaliation against him and because he was posing a threat to Odessa Fire Company's continued violations of state and federal law with respect to the harassment and discrimination against female employees.

20.     By reason of defendant's retaliation, Plaintiff has suffered and will continue to suffer financial harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

### Count I: RETALIATION pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) et seq.

21.     Plaintiff restates and realleges paragraphs 1-20, inclusive, as though set forth here in full.

22.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful for any employer to discriminate against any individual employee because he has opposed any practice made unlawful employment practices by §2000e, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under §2000e et seq.

23.     Defendants' conduct as set forth herein constitutes retaliation against Plaintiff for participating in the sexual harassment investigation prior to his termination.  Plaintiffs' participation in the investigation was a direct and proximate cause of Defendant's decision to

terminate him, notwithstanding the false and misleading version of events articulated by Defendant as a basis to terminate him.

24. By reason of defendant's conduct, Plaintff is entitled to all legal and equitable relief available under Title VII.

**Count II:**

**Retaliation under the Delaware Discrimination in Employment Act, 19 Del. C. §710 et seq.**

25. Plaintiff restates and realleges all preceding paragraphs, as though set forth here in full.

26. Delaware law makes an employer responsible for violation of the DDEA for sexual harassment when an employer takes a negative employment action against an employee in retaliation for the employee participating in an investigation of sexual harassment.

27. Defendant's decision to terminate Plaintiff's employment violated Delaware's Discrimination in Employment Act (the "DDEA").

28. By reason of defendant's conduct, Mr. Williams is entitled to all legal and equitable relief available under the DDEA.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

    A. All lawful general and special damages, including but not limited to lost wages, other economic damages, and pain and suffering;

    B. Punitive damages

    C. Plaintiff's reasonable attorney's fees and costs in this action.

    D. Pre and post-judgment interest.

    E. Such other relief as this Court deems just and equitable.

    F. Trial by Jury.

**[signature page to follow]**

|  |  |
|---|---|
|  | _____ |
|  | Kate Butler (ID No. 6017) |
|  | Kate Butler Law LLC |
|  | 1509 Gilpin Avenue, Suite No. 3 |
|  | Wilmington DE 19806 |
|  | 302-966-9994 tel |
|  | 302-651-7960 fax |
|  | kate@katebutlerlaw.com |
Dated: October 25, 2021 | *Attorney for Plaintiff* |